**Judy BARBOUR and Cookbook Resources, L.L.C.**

v.

**James HEAD and Penfield Press, Inc.**

**No. CIV.A.G–01–491.**

United States District Court,
S.D. Texas,
Galveston Division.

May 6, 2002.

G.P. Hardy, III, Attorney at Law, Houston, TX, for Plaintiff.

Kasren Bryant Tripp, Attorney at Law, Houston, TX, for Defendant.

### ORDER DENYING JOINT MOTION TO RESCHEDULE TRIAL DATE

KENT, District Judge.

This case was filed well over one (1) year ago and a Rule 16 Scheduling Conference was held in November 2001, at which time this matter was set for a firm trial date almost ten (10) full months later. The matter remains set for trial during the week of August 26, 2002. The parties have now filed a Joint Motion to Reschedule, suggesting a vague trial time frame "after October 2002 and before June 2003". The Motion is predicated upon arguable concerns for the health of Defendant's President, primary stockholder and designated legal representative. However, for the reasons herein briefly stated, the Motion is respectfully **DENIED**.

This Court can and does routinely accommodate the legitimate medical, personal and business concerns of litigants, witnesses, jurors and even counsel.

However, the reasons offered in support of a vague continuance of this case for several months are simply unpersuasive. Defendant suggests, through Motion attachments, that its key participant, 73–year–old Joan Bourret, has allergies and sinus trouble of long standing and that it would create a hardship on her to be in Texas during the summer or early fall, especially during periods of high heat. While sympathetic, the Court is unconvinced that this would be a significant problem, given that this individual lives in Iowa. Iowa gets just as hot as (or even hotter than) Galveston, and has just as much, if not more mold spores, pollen, dust and other typical, modern nasal irritants. Moreover, the Texas Gulf Coast is well equipped to deal with these sorts of concerns by the use of pervasive air conditioning in virtually any facility this individual might find herself in. All area hotels are fully air conditioned, as are area rental cars and restaurants. This Court facility has complete air conditioning throughout. In addition, Galveston enjoys sea breezes daily that significantly ameliorate the heat typically felt in Houston, only fifty miles away. Therefore, the Court simply does not believe that Defendant's key participant will be exposed to any inordinate stressors by getting in and out of her car to walk to the courthouse, and so forth, any more than any other typical 70+ year old who resides in this community, of which there are undoubtedly thousands, as this area is a noted and preferred retirement site. In fact, this Court routinely handles cases involving parties, witnesses and even jurors who must deal with tuberculosis, emphysema, RADS, and a host of other genuinely serious respiratory ailments, all of which occurring on a year-round basis.

The parties need to understand that settings in this Court do not operate in a vacuum. The movement of any case inevitably creates a ripple effect upon other cases legitimately pending before the Court. The parties will have had over nine (9) full months to consider the realities of this case, and to prepare for trial. Among remaining preparations could easily be the video deposition of this individual to preserve her testimony for trial, if required, thus obviating any need for her to come to Texas, whatsoever. If she must critically be here as a representative of the Defendant, she can, as discussed above, seek reasonable succor from all of the available accommodations which make life on the Texas Gulf Coast as bearable as any other part of the nation during summer months.

If this Court were to make the kind of accommodations suggested by the parties in this case, it would literally have to revert to the ancient days of suspending operations in the summer, so as to accommodate the subjective, climactical considerations which obtain upon every single individual who lives and works on the Texas Gulf Coast. This is both impractical and simply not a precedent this Court wants to establish.

For the foregoing reasons, the Motion of the parties to extend the trial date is respectfully **DENIED**. This case is and remains set for trial during the week of August 26, 2002, and will be tried as soon as it can be reached.

**IT IS SO ORDERED.**